KELLY, Judge.
Grover Douglas Maggard (the husband) challenges the equitable distribution portions of the final judgment of dissolution of marriage. 'He argues that the written final judgment does not conform to the parties’ oral settlement. Specifically, he argues that the trial court erred in awarding Barbara Maggard (the wife) alimony ar-rearage and the cash value of an insurance policy. We affirm the final judgment with the exception of the award to the wife of the cash value of the insurance policy.
Upon a recess in the trial, the parties announced settlement of the case on all outstanding issues. The settlement called for the husband to pay to the wife $60,000 in equitable distribution. Payment of this amount was to be made within sixty days of the date of the hearing. Despite this sixty-day provision, the husband expressed that he could pay $50,000 within ten days and that he would cash out a life insurance policy with a value of $9500 to fulfill the majority of the $60,000 equitable distribution obligation. There was also some discussion concerning $2700 which the husband owed the wife in alimony arrears.
The wife’s counsel prepared a proposed final judgment, which the trial court entered over the husband’s objection. The final judgment required the husband to pay to the wife the cash surrender value of the $9500 life insurance policy, $2700 in alimony arrearage, $60,000 in equitable distribution, and $23,000 of the wife’s attorney’s fees, for a total financial obligation of $95,200. Upon entry of the final judgment, the husband filed a motion for rehearing noting his objections to the final judgment, which the trial court denied.
The husband argues that the final judgment creates a financial obligation that is $12,000 in excess of that contained in the oral agreement. He argues that the $2700 which he owed in alimony arrearage was part of the $60,000 settlement. However, the transcript of the hearing and the husband’s own proposed final judgment refute this. The husband’s proposed final judgment requires the husband to pay $2700 in alimony arrearage in addition to $60,000 in equitable distribution and $23,000 of the wife’s attorney’s fees.
Although the final judgment correctly reflects the inclusion of the $2700, it must still be reversed in part because it erroneously requires the husband to pay $9500, the cash surrender value of the life insurance policy, in addition to the $2700 alimony arrearage and the $60,000 equitable distribution. The parties never contemplated in their settlement agreement that the $9500 would be an additional award to the wife. Rather, it was simply one source of funds the husband intended to expend to help meet the $60,000 obligation.
Accordingly, we reverse that portion of the final judgment which awards the wife $9500. The final judgment is affirmed in all other respects.
Affirmed in part; reversed in part.
WHATLEY and COVINGTON, JJ., Concur.